IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Wayne Garrison, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  11 C 2950 |
| Resurgent Capital Services, L.P., a Delaware limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Wayne Garrison, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Wayne Garrison ("Garrison"), is a citizen of the State of California, from whom Defendants attempted to collect a delinquent consumer debt owed for a GE Capital Bank account, which was then allegedly owed to a bad debt buyer, despite the fact that he was represented by the legal aid attorneys at the Chicago

1

Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Resurgent operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies. Defendants Resurgent and LVNV are sister corporations. Defendant Resurgent manages collections of the portfolios of debts that LVNV buys.

7. Defendants Resurgent and LVNV are each licensed to conduct business

in the State of Illinois and maintain registered agents within the State of Illinois. <u>See</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, Defendants Resurgent and LVNV both conduct business in Illinois.

8. Defendants Resurgent and LVNV are each licensed as debt collection agencies in the State of Illinois. <u>See</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>. In fact, Defendants Resurgent and LVNV both act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Garrison is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he owed originally to GE Capital Bank. At some point in time, Defendant LVNV bought Mr. Garrison's GE Capital Bank debt after he defaulted on it, and when Defendants began trying to collect the GE Capital Bank debt from him, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

10. Specifically, Defendants hired another debt collector, Firstsource Advantage, LLC ("Firstsource"), to demand payment of the GE Capital Bank debt from Mr. Garrison. Accordingly, on June 10, 2009, one of Mr. Garrison's attorneys at LASPD informed Defendants, through their agent, Firstsource, that Mr. Garrison was represented by counsel, and directed Defendants to cease contacting him, and to cease all further collection activities because Mr. Garrison was forced, by his financial circumstances, to refuse to pay his unsecured debt. A copy of this letter is attached as Exhibit <u>C</u>.

11. Defendants also hired another debt collector, Allied Interstate, Inc. ("Allied"), to demand payment of the GE Capital Bank debt from Mr. Garrison. Accordingly, on November 30, 2009, Mr. Garrison's LASPD attorney inform Defendants, through their agent, Allied, that Mr. Garrison was represented by counsel, and directed Defendants to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Nonetheless, Defendants then sent a collection letter, dated March 2, 2011, directly to Mr. Garrison, which demanded payment of the GE Capital Bank debt. A copy of this letter is attached as Exhibit E.

13. On April 8, 2011, one of Mr. Garrison's attorneys at LASPD yet again informed Defendants, in writing, that Mr. Garrison was represented by counsel, and directed Defendants LVNV and Resurgent to cease contacting him, and to cease all further collection activities because Mr. Garrison was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Defendants LVNV's and Resurgent's collection actions complained of herein (Exhibit E) occurred within one year of the date of this Complaint.

15. Defendants LVNV's and Resurgent's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

4

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letters from Mr. Garrison's agent, LASPD, told Defendants to cease communications and cease collections (Exhibits C and D). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants LVNV's and Resurgent's violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Mr. Garrison was represented by counsel in connection with his debt because his attorneys at LASPD had informed Defendants, in writing (Exhibits C and D), that Mr. Garrison was represented by counsel, and had directed a cessation of communications with Mr. Garrison. By sending a collection letter (Exhibit E) to Mr. Garrison, despite being

advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants LVNV's and Resurgent's violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Wayne Garrison, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Garrison, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Wayne Garrison, demands trial by jury.

Wayne Garrison,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: May 3, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com